EARLY & DANIEL COMPANY v. UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 299.　Argued April 30, 1926.—Decided May 3, 1926.

When a contractor, upon demand of the Government, delivers under protest goods in an amount exceeding that which his contract calls for at the time, and, the protest being ignored, thereafter accepts without protest the contract price, there is no ground for implying a contract upon the Government's part to pay the market price, though higher. P. 142.

59 Ct. Cls. 932, affirmed.

APPEAL from a judgment of the Court of Claims rejecting a claim for the difference between the contract and market prices of hay delivered to the Government.

*Mr. Benton S. Oppenheimer,* with whom *Mr. Ewing H. Scott* was on the brief, for appellant.

*Solicitor General Mitchell* and *Assistant Attorney General Galloway* were on the brief for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a suit against the United States for $22,000, balance due for hay delivered. Appellant made a contract with the Government, on the 31st day of July, 1917, by which it agreed to furnish, during the period beginning August 1, 1917, and ending September 30, 1917, such hay as might be required by the Government during July and the first half of August, 1917, not to exceed 6,000,000 pounds, at 97½ cents per 100 pounds, and such hay as might be required during the last half of August, and all of September, 1917, not exceeding 6,000,000 pounds, at 95 cents per 100 pounds, to be delivered f. o. b. cars at Newport News, Virginia, subject to call of the Government in lots not to exceed 1,000,000 pounds per lot. The

Government made calls which the plaintiff filled as follows:

Call No. 1,   500,000 lbs. August 15, 1917.
Call No. 2, 1,050,000 lbs. August 20, 1917.
Call No. 3, 2,000,000 lbs. September 5, 1917.
Call No. 4, 4,450,000 lbs. September 12, 1917.

These calls were all filled without protest, though the later calls were for amounts greater than 1,000,000 lbs. When the final and fifth call was made for 4,000,000 pounds, the appellant objected that the call was for more pounds of hay than the contract allowed for any one call. That objection was not made until it was too late for the defendant to amend the call. The appellant's vice-president then wrote to the government officer in charge that the fifth call was not deemed by the plaintiff to be in accord with the contract, and that the plaintiff did not intend to fill it. Under the terms of the contract, appellant had until November 15th, being three months from the date of the first call, to complete its deliveries. On November 19th, the Camp Quartermaster wired to the appellant, "Amount hay on hand will supply needs to December 4th. Require prompt delivery 4,000,000 pounds. Advise at once your action, otherwise must buy in open market." After further exchange of telegrams, plaintiff sent the following telegram to the Camp Quartermaster under date of November 21, 1917:

"We will start shipping hay immediately, and in case you need any before arrival will arrange to have Hiden loan us a supply. Want it distinctly understood that we are doing this under protest and are going to put the matter up to proper authorities in Washington; and if they rule in our favor, want settlement at fair market price for amount we overfill. Will you wire C. S. Ruttle, General Agent, D. B. C. & W. Railway, to furnish equipment immediately as we request for hay to ship to you? Answer."

The plaintiff delivered under protest the remaining 4,000,000 pounds of hay. Thereafter the plaintiff accepted without protest the sum of $38,000, which was all that was due under the contract. The plaintiff then filed this claim for $22,000 with the acting Quartermaster General of the United States Army, with the Auditor for the War Department, with the Secretary of War, with the Comptroller of the Treasury, and with the Board of Contract Adjustment, all of whom in turn decided that the claim could not be paid.

The appellant had the option of delivering the remainder of the hay under the terms of the contract, or of not delivering it at all, if the contract had been broken. It chose to deliver. It made a protest, but that was ignored by the officers of the Government, and, when the Government tendered the contract price, it was accepted by the appellant and without protest. Under such circumstances there is no ground for implying a contract to pay more than the contract price. *New York & New Haven* v. *United States,* 251 U. S. 123, 127; *Nelson Company* v. *United States,* 261 U. S. 17, 23; *Willard, Sutherland & Company* v. *United States,* 262 U. S. 489, 494; *Atwater & Company* v. *United States,* 262 U. S. 495, 498.

The judgment of the Court of Claims is

*Affirmed.*