Geaham, Judge,
delivered the opinion of the court:
This action grows out of two orders, dated respectively December 24, 1917, and June 14, 1918, directing the plaintiff to manufacture for the Government the full production of its plant of acetate of lime and wood alcohol. The first order covered the period from the date of the order to June 30, 1918, and the second from July 1 to December 3L 1918. As to each of the orders the price was named for the articles to be manufactured. These orders were issued pursuant to the authority granted by section 120 of the act of June 8, 1916, 39 Stat. 213, known as the national defense act, which authorizes the President—
“ * * * through the head of any department of the Government, in addition to the present authorized methods of purchase or procurement, to place an order with any individual, firm, corporation * * * for such product or material as may be required and which is of the nature and kind capable of being produced by such individual,” etc.
“ The compensation to be paid any individual for its products or material * * shall be fair and just.”
The Secretary of War is also authorized in connection with the order to state in the order what he may determine to be a reasonable price.
The material covered by the first order was manufactured and delivered without protest or objection to the price named, and that price was accepted and paid. Compliance with the order by delivery of the material, and acceptance of the price constituted a contract which was binding upon the plaintiff as to the consideration to be paid for the articles furnished. American Smelting and Refining Co. v. United States, 259 U. S. 75; Federal Sugar Refining Co. v. United States, 60 C. Cls. 184; Consolidation Coal Co. v. United States, 60 C. Cls. 608, 625; Pocahontas Fuel Co. v. United States, 61 C. Cls. 231; Liggett & Myers Tobacco Co. v. United States, 61 C. Cls. 693; Alcock & Co. v. United States, *27 61 C. Cls. 312; and Daniel W. Herrman v. United States, 57 C. Cls. 96, 103.
After the order of December 24, 1917, had been filed and the material paid for, the plaintiff did complain in connection with the price named in the second order, which is the same as that in the first, upon the ground that it had •suffered a loss on the first order which as stated, had been completed without protest or complaint or reservation of price. Compare Louisville Bedding Co. v. United States, 269 U. S. 533, 59 C. Cls. 226; Nelson & Co. v. United States, 261 U. S. 17, 23; New York, New Haven & Hartford R. R. Co. v. United States, 251 U. S. 123, 127; Willard, Sutherland & Company v. United States, 262 U. S. 489, 494; Atwater & Co. v. United States, id. 495, 498; and Early & Daniel v. United States, 271 U. S. 140, 59 C. Cls. 932, 940.
As to the order of December 24, 1917, the plaintiff was paid the price agreed upon in its contract, and it can not recover additional compensation.
The second order was dated June 14, 1918, and covered the period from July 1, 1918, to December 31, 1918. The price was named therein, and plaintiff was notified that unless dissent to the price was filed with the Board of Appraisers, War Department, within 15 days from the date of the mailing of the notice, it would be presumed that a hearing thereon had been waived and a final award would be made upon the terms stated; that, upon due notice of dissent to the price, without suspending the order a hearing upon the reasonableness of the price would be afforded, and that the award thereafter made would be final.
The plaintiff within the 15 days presented objection to the price named in the second order, and alleged a loss on the first order. The Board of Appraisers submitted the claim to the price-fixing committee of the War Industries Board for investigation, but the record does not show what that committee did in the matter. It appears, however, that the Federal Trade Commission made an investigation of plaintiff’s books, but its report is not in the record.
The plaintiff continued to deliver the material and received and accepted the price named until the contract was canceled on December 14, 1918. It does not appear that it *28 reserved the price or that it did more than complain. Assuming, however, that it reserved the price, it would be entitled to recovery on the basis of the fair and just compensation for material supplied. The court has found that there is no proof of market value or of what would be a fair and just compensation for materials supplied. So that, in any aspect of this second order, the plaintiff can not recover more than the price named, for the reason that if it accepted that price it is bound by its contract, and if it supplied the goods and reserved the price it has furnished no proof of a fair and just compensation.
After the contract was canceled plaintiff sold to the defendant at the price fixed therein 10,345 pounds of acetate of lime and also some bags, for which plaintiff claimed $430, and was afterwards awarded $426.80, which was accepted and paid. On January 9, 1919, plaintiff was notified by the Board of Appraisers to file any claim it might have against the Government growing out of the order of June 14, 1918. Thereupon the president of plaintiff company exhibited to the board a statement claiming an operating loss of $68,654.71 on the two orders.
On August 22, 1919, the War Department Board of Appraisers took under consideration the plaintiff’s claim for an increase of price for acetate of lime delivered, and plaintiff thereupon presented to the board a statement of operating losses in the production of lime and crude alcohol for the period covered by the two orders, amounting to $68,654.71. On August 12, 1920, the board denied the application for increase in price. Thereupon plaintiff applied for a rehearing, which was granted. On October 21, 1920, the board notified plaintiff of the rejection of its claim upon the ground that payment had been received on the award of the Air Service Claims Board and “ acceptance of release ” had been signed by the plaintiff, and that the War Department Claims Board had no authority to assume jurisdiction and make a further award. On November 10, 1920, plaintiff applied to the Secretary of War for reformation of the award of the Air Service Claims Board of December 11, 1919, and on February 2, 1921, the War Department Claims Board *29 denied plaintiff’s claim for manufacturing losses upon the ground that the claim had been theretofore disallowed on its merits. This decision was approved by the Secretary of War on February 8, 1921.
In view of the conclusion reached it is unnecessary to discuss or pass upon the question whether plaintiff was precluded from recovering additional compensation under the second order by reason of its acceptance of the award of December 11, 1919 (Finding VIII), in which it is stated that the amount awarded was “ in full adjustment, payment, and discharge of said agreement” (of June 14, 1918).
The petition should be dismissed and it is so ordered.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.